2:16-CV-01310-MCE-AC

FILED
MAY 01 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
DEPUTY CLERK

IN THE UNITED STATES ~~DISTRICT~~ COURT FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| People of the state of California<br><br>Plaintiff and respondent<br>V.<br>Salvador Lopez<br><br>Petitioner | Case No. CRF081476<br><br>Petitioner's Traverse to return to petition for writ of habeas corpus |

### INTRODUCTION

In this reply petitioner's traverse does not address every point raised in respondent's or in petitioner's habeas corpus, but only those require additional comment. Petitioner continues to rely on his habeas corpus and does not abandon any of the arguments made therein.

### Argument I

Petitioner's state and federal fourteenth amendment Constitutional rights to due process were violated, because petition is actually innocent of commiting the charged crime.

1

# Argument I

Argument one: Respondent claims Petitioner offered no newly discovered evidence that could possibly cast fundamental doubt on the accuracy and reliability of the proceeding.

Respondent claims because Pacheco maintained during trial that petitioner did not shoot him and jury did not find the witness testimony credible and no reason to believe the "new details" offered by witness would have produced a different result.

Petitioner disagrees because alot of why the jury found witness not credible at trial was because they believed D.A.'s theory at trial such as witness lied on the stand to exonerate petitioner of the charges so that witness could then attack petitioner. Moreover D.A theorized that witness lied on the stand out of feared of his own gang members. D.A Informed the jury that Mr. Pacheco was a gang member and therefore did not want to be looked down upon for being a "snitch" (Informant), however the newly discovered evidence presented by Petitioner will belie such a determination to the D.A's theories.

After Petitioner's conviction, Mr. Pacheco and Petitioner were housed in Kern Valley State Prison in both facility "D" from January of 2010 through July of 2011 and facility "C" from July of 2014 through April 2017. Neither Petitioner nor Pacheco attacked one another as D.A Insisted
The D.A also Insisted Mr. Pacheco lied on

2

the stand when testifying that petitioner was not the shooter - In which he was entirely motivated In order to save face with his gang -

however Mr. Pacheco's initial statements to Detective Clinkenbeard were already sufficient to ruin his street credibility and place him in bad standing with his gang as he already "snitched", gangs dont allow their members to repeat an alread broken code of silence

Mr. Pacheco's newest declarations can be believed because his motivation for coming clean is not to regain trust from his gang peers - trust that can never be regained - but rather motivated by his conscience because he does not want an innocent man to suffer for his actions by allowing Clinkenbeard to missguide him
See declaration dated 1·16·14

Mr. Pacheco Is currently Incustody housed In facility "C" known as a protective housing Unite or S.N.Y - For drop out gang members and now coming forward clean and has no reason to lie because his a drop-out. Just as the D.A told the Jury at petitioner's trial In closing arguments: If a gang member drops out they are targeted to be killed by their own gang members Just like a snitch because a snitch would be consider a drop out. They're no longer a member In good standing he Is subject to be killed or attacked by the rival gang but by their own gang and thats what happens when you become a snitch

and like I said he could be killed by his own gang if he testified against petitioner.

It is at least reasonable that the jury would have entertained a reasonable doubt that the shooter was petitioner if the following evidence was presented.

Mr. Pacheco's initial statements to detective Clinkenbeard were sufficient to ruin his street credibility. A Correctional officer known as Investigator gang unit (IGI) can testify what it means to be sin-y and what it means when a gang member brakes the code of silence. He can also explain Mr. Pacheco's status within the norteno gang due to his housing, a protective unite known for Drop out gang members here in Kern Valley State Prison.

<u>Petitioner has offered credible "newly discovered evidence" that could possibly cast fundamental doubt on the accuracy and reliability of the trial proceedings further more Mr. Pacheco's newest declaration can be charcterized as "new"</u>

Mr. Pacheco claims that on March 12, 2008 at first hospital visit, detective Clinkenbeard showed him a photo line up while Clinkenbeard pointed at Petitioner's photo See declaration dated 1.16.14 Item #2

At trial Pacheco only testified that Clinkenbeard showed him a photo line up and asked Pacheco who in the photo line up was petitioner.

The transcripts state the following of the interview: Clinkenbeard: Hello Josiah you awake

4

"I'm detective Clinkenbeard you ok can you talk you able to talk for a few minutes? you know why I'm here you told officer Jackson some stuff last night do you remember what you told officer while being taken here? Mr. Pacheco: my body hurts and I got shot. Clinkenbeard: your body hurts and you got shot. Pacheco: um-hum. Clinkenbeard but you said something that you think you might know who did it? Pacheco: I have no idea what you're talking about. Clinkenbeard: oh you didn't say last night that you thought you saw who did it? or regongnized who shot you. Pacheco: um. Clinkenbeard ok If I gave you a name that he recorded down from you would it ring a bell? Pacheco I have no idea what you're saying. Clinkenbeard ok how about I come back and talk to you when you are better would that be ok? Pacheco: yea (unintelligible)" See Interview dated March 13, 2008 pg 2 Item 16-49 and pg 2 Item 1-9.

Further without answering any questions Mr. Pacheco blurts out petitioner's name. See interview dated March 13, 2008 pg 2 item 42-47 and pg 3 item 1-4. Its not known If Clinkenbeard was coaching Mr. Pacheco as Pacheco now claims that on March 13, 2008 Clinkenbeard pointed at petitioner's picture sugesting it was Petitioner. See declaration dated 1.16.14

The new claim presented by Pacheco in declaration dated 7.27.15, states that on March 12, 2008 he was shot due to a drug deal gone bad by two guys who emerged from the front and back passanger side firing their weapons. Pacheco identify's the ~~~~ suspect as a "paisa" (a mexican born in mexico) who sold

5

drugs and claims he had just hurted the guy badly because of the small amount of drugs he tried to sale pacheco.

Mr. Pacheco does not identify the other suspect but claims the other suspect fired from a long barrel type of gun witch pacheco believes to be a shotgun.

Pacheco also claim he withheld information from law enforcement because he did not want the police nor his parents to know what occured minutes before the shooting and to avoid getting arrested for hurting the "paisa" minutes before the shooting.

Lastly Pacheco claims he tried to cover up his lies with gang terms by saying no snitching is #1 rule in the gang culture. However Pacheco now state he only said that to be left alone by law enforcement. See declaration dated 7-27-2015 when comparing Pachecos prior statements to his newest declaration. It demonstrates that there is some truth in the past to what Pacheco now claims. It is convincing that the previous testimony was false not only pacheco's statements such as he withheld information from law enforcement but it explains why pacheco testified and told investigators he would not identify the person who shot him even if the right person was charged with the crime but petitioner is not the person who shot him. Pacheco also states he withheld the fact that there was two shooters one who fired from a handgun and another from a shotgun.

In the interview while at hospital pacheco does give this information. The interview states the following. Clinkenbeard: alright and there are four

people in the car? Five people in the car including "chava" (petitioner) okay so there were five people and you took off running and after he shot you, you took of running and after he, shot you in the back and you slowed down did you see what they did? Pacheco: (They) kept shooting. Clinkenbeard: (They) kept shooting. See interviewed March 13 2008 pg 17 items 12-19

Furthermore, Clinkenbeard: did you see the gun he shot you with? Was it a shotgun? Pacheco: (Um-hum) See interwied dated March 13, 2008 pg 17 item 42-45

## The newly discovered evidence does not lack credibility.

The only evidence as to identified petitioner of the assailant was the 'victim' (Pacheco's) testimony which while not so inherently improbable as to be worthy of no belief describes his assailant with such exactitude as to raise a doubt whether or not he had been coached in his identification. even as he accusses petitioner Pacheco himself raises doubt when asked by detective clinkenbeard if he was positive or possible Pacheco: "on a scale from 1-10 about a 7 or 8" that it was petitioner
See interview dated March 13, 2008 pg 8 item #29

Seconds later Pacheco tells clinkenbeard he did not want to press charges because he does not know if it was petitioner See interview dated March 16, 2008 pg 10 item 1-9

7

Mr. Pacheco had established history of lying about the case and lying in order to avoid implicating the actual shooter as Pacheco testified and told investigators that he would not identified the person who shot him even if the (right) person who shot him was charged with the crime but petitioner is the wrog guy. Its further called into question by Pacheco's own prior statements ~~to~~ ~~████~~ D.A at Petitioner's Preliminary hearing that it was his own "homies" (friends) who shot him. See interview dated 3·12·08.

## II. Ground two: Respondent claims that petitioner failed to demonstrate that he was denied his right to Confrontation by the admission of Officer Moe's testimony who relied on testimonial hearsay and whether trial counsel who offers only a hearsay objection renders Ineffective assistance.

Respondent claims because petitioner did not mention Crawford, supra 541 U.S. 36 or the Confrontation Clause in his trial brief or in argument on the issues his right to confrontation was not denied

Petitioner disagrees. This case poses the question of whether comments about gang members self admitting membership and activities, made by gang members to Police Officers performing their duties, are nontestimonial on the theory that they would be useful to the police as part of their general community policing responsibilities quite separate from any use in some unspecified criminal prosecution" (People v. Valadez, Supra, 220 Cal app. 4th at p. 36) and so are not the product of conversations "Conducted with the purpose of creating a testimonial substitute for use in a future prosecution." (opinion, p. 22.) is there any meaningful distinction (a testimonial purpose under Davis v. Washington, Supra, 547 U.S 813) and facts useful for "general community policing responsibilities" or "to merely deter future criminal activity. Under Davis v. Washington, Supra, 547 U.S. 813, 822 and Michigan v. Bryant (2011) 562 U.S 344, indicates a non-testimonial purpose, encompass gathering information

9

potentially useful both to deterring possible future criminal activity and to prosecuting alleged gang crimes? Or does examination of those cases suggest a narrower scope for the catagory of responding to an ongoing emergency? Also needed is review of the related question whether trial counsel, by asking only that incompetent hearsay be excluded, rendered ineffective assistance. (U.S const 6th amend., Strickland v. Washington (1984) 466 US. 668.)

## III Ground three: Respondent claims petitioner failed to demonstrate that he is entitled to habeas relief on the ground that the trial court abused its decretion admitting evidence of his prior offenses and those of his family members.

Respondent claims the admission of evidence of petitioner prior offenses and those of his family members weren't prejudicial.

Petitioner disagrees. Through its gang expert, Officer Moe, the prosecution presented evidence of prior offenses committed by petitioner, ostensibly as additional proof of the pattern of criminal gang activity required to prove that the Sureños are a criminal street gang. Moe testified that Pedro Alvarado, a Sureño, was convicted of carrying a loaded firearm in public after a trafic stop resulted in the discovery of the weapon in November of 2006, and petitioner,

10

who was also in the car, was adjudicated a ward of the court for carrying a concealed weapon in a vehicle (2rt 484-488.) Moe also testified about an incident that occurred on March 28, 2005 (2rt 488-492) according to Moe, ten youths in blue, including petitioner, attacked two norteños (2rt 488-489, 491.) Petitioner was adjudicated for battery with serious injury §243, subd.(d) with a gang enhancement.(2rt 488) This offense, however, is not among the offenses that serve to prove the the criminal nature of a street gang See 186.22 subd (3).)

2. Predicates involving petitioner's brother.

Moe also testified that in May of 2008, Fidencio Mendoza a Sureño, and Ignacio Lopez, petitioner's older brother, were convicted of assault with a firearm (2rt 479-483.) According to Moe, Ignacio Lopez and another person distracted the victim allowing Mendoza to approach from behind to assault the victim (2rt-481)

3. Other evidence regarding petitioner's family members.

The prosecution also presented evidence that petitioner's two older brothers and two cousins are active members of the Sureños (2rt 493)

Petitioner's Argument

Petitioner argued that his juvenile adjudications, his brother's conviction, and his other brothers and his cousins' Sureño activities added little or no probative value to the prosecution of Alvarado for the November 2006 firearms offense served as

11

One of the two predicates which the prosecution needed in order to prove that the Sureños have displayed the pattern of criminal gang activity necessary for the criminal street gang allegations. Adding petitioner's adjudication added no probative value if either petitioner or Alvarado was merely an aider and abettor (see People v. Zermeno (1999) 21 Cal. 4th 927, 932.) The prosecution did not establish that both Alvarado and petitioner were direct perpetrators. Petitioner's adjudication for battery stemming from the March 2005 offense could not serve as one of the necessary predicates, for the offense could not serve as one of the necessary predicates, for that offense is not listed in Section 186.22 Subdivision(e) As for Ignacio Lopez's offense, it is clear that by distracting the victim, Ignacio Lopez acted as an aider and abettor so the crime committed by him and Mendoza constituted a single predicate.

Petitioner also argued that evidence offered little or no probative value with respect to his intent and was unduly prejudicial (see evid. code §1101, 352.) Petitioner's, brother's offense and his other relatives' Sureño activity had no tendency in reason to prove any intent on petitioner's part.

Petitioner argued that the admission of the prior offenses by petitioner and his family members and of his familys' gang associations enabled the prosecution to paint a family portrait in lurid gang colors, making it impossible for the jury to assess the evidence without improperly relying on personal and family disposition.

Petitioner argued that the admission of the prior offenses committed by petitioner and his brother and

the evidence of his other brothers and cousins involvement in the Sureños rendered the trial fundamentally unfair, in violalation of due process. (U.S Const., 5th & 14th amends.) The question of whether petitioner was the shooter. The only evidence that he was the shooter was Pacheco's out-of-court identification of petitioner, an identification which Pacheco quickly repudiated

Pacheco's later statement that it was norteños, rather than Sureños, who shot at him and they did so to punish him for leaving the gang was highly plassible

Petitioner would like to inform the court respodent did not answer to petitioner's arguments: four, five, six and seven.

## Conclusion

Petitioner has offered credible "newly discovered evidence" that could possibly cast fundamental doubt on the accuracy and reliability of the trial proceedings. There is reason to believe that in light of the "new" evidence, it is more than likely no reasonable jurror would have convicted petitioner had pacheco testified he did not want to get into trouble with the law and parents. Had Pacheco told he had just hurt badly a paisa because of the amount of drugs the paisa tried to sell him, and was because of that he withheld information from law enforcement including that it was the paisa in this earlier incident who shot him along with another individual who shot at him with a shot gun, and he's newest update status within the norteño gang. "drop-out" therefore the theory

13

that Pacheco lied on the stand to face his gang as D.A instructed the jury Pacheco lied on the stand for gang purpose such as gang's have rules and one rule is to never testify on another gang member. It is a a reasonable assertion the trial would be diffent considering Pacheco's status while incarcerated mean he is no longer in good terms within the norteño gang. further the cumulative errors at trial deprived petitioner of his constitutional right to a fair trial. to be tried for the crimes of his family, for their and his prior acts (and a false version of a brother's conviction) to be portrayed to the jury as a pattern of violence by the family, with the charged crimes fitting into that pattern, for testimonial hearsay that petitioner had beaten a norteño with a board to be used against him without any opportunity to confront the declarant, for hearsay declarations of his brothers and others regarding their gang membership to be admitted without any opportunity for confrontation, and for a police officer to inform the jury that defense counsel convey Mexican Mafia orders from prisoners to gang members on the street using attorney-client privilege, in a case where the only evidence against petitioner was the out-of-court identification of petitioner by a single person who admitted while acussing petitioner that he wasn't sure if it was petitioner who quickly recanted that identification. The cumulative wrong deprived petitioner of due process and require reversal.

## Prayers for relief

Wherefore, for the reasons set forth herein, and the documents incorporated by reference, petitioner prays that this court grant this petition for writ of habeas corpus in its entirety, and:

1.) Conduct an evidentiary hearing to answer the factual questions necessary to determine the merits of petitioner's claim;

2.) After full consideration of the issues raised by this petition, grant the petition, vacate the September 30, 2008 judgement of conviction of the Sutter County Superior Court (case No. CRF081475; and

3.) grant any such other and further relief as may seem just under the circumstance.

Date: 4-22-17

Respectfully Submitted

*Salvador Lopez*
Petitioner

04-25-17

To: Clerk

    I'm sending the traverse however Im only sending one set because the prison I'm housed at K.V.S.P, the law library is being rebuild so its been close for the last month. I just wanted to inform the court. thank you.

Sincerly

Salvador Lopez

# PROOF OF SERVICE BY MAIL

## BY PERSON IN STATE CUSTODY

I, __Salvador Lopez__, declare:

I am over 18 years of age and a party to this action. I am a resident of __Kern Valley State__ Prison, in the county of __Kern__, State of California. My prison address is: __P.O box 5103__.

On __4·25·17__,
(DATE)

I served the attached: __Petitioner traverse to return to petition for writ of habeas corpus__
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am presently confined. The envelope was addressed as follows:

United State district court
Eastern district of California
501 I st., Ste 4-200
Sacramento ca 95814

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on __4-25-17__     __Salvador Lopez__
(DATE)                      (DECLARANT'S SIGNATURE)