UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR LOPEZ, | No. 2:16-cv-1310 MCE AC P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, KERN VALLEY STATE PRISON, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a "request for judicial notice" that indicates a desire to amend the petition or alternatively have the case remanded to the "Trial Court." ECF No. 28. Petitioner states that because he was under twenty-three at the time of his controlling offense and "was not afforded the opportunity at sentencing to Make a Record of Mitigating Evidence tied to his Youth," he is entitled to special parole consideration under People v. Franklin, 63 Cal. 4th 261 (2016).[1] Id. Petitioner seeks leave to amend the petition to add a

---

[1] In Franklin, the California Supreme Court held that the provisions of Penal Code § 3051, which required that juvenile offenders be eligible for parole no later than their twenty-fifth year of incarceration, were retroactively applicable and therefore mooted sentencing defects arising under Miller v. Alabama, 567 U.S. 460 (2012) (holding that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment). Franklin, 63 Cal. 4th at 276-77. The court further held that the defendant was entitled to a hearing to determine whether he "had sufficient opportunity to put on the record the kinds of information that sections 3051 and 4801 deem relevant at a youth offender parole hearing" and that if it was determined that he had not, he be given an opportunity to do so. Id. at 284.

1

claim for relief under Franklin, or remand to the "Trial Court" for a determination as to whether he is entitled to relief under Franklin. Id.

The "request for judicial notice" is not styled as a motion to amend and/or for remand, and the court will not construe it as such for the reasons that follow. Instead, the court will provide petitioner with information about how to seek relief and what legal rules govern the various matters raised by his filing.

Petitioner is informed that he does not need this court's permission to seek relief under Franklin in the state trial court. He may do so without a "remand." In fact, remand is not available. The case pending in this court is an independent federal action under 28 U.S.C. § 2254. It did not originate in state court, and the state court has no jurisdiction over it. It therefore cannot be "remanded."

As to amendment, petitioner is advised that this court can consider only claims that have already been "exhausted" in state court. 28 U.S.C. § 2254(b). That means that petitioner must seek relief in the state courts, up to and including the California Supreme Court, before pursuing a new claim here. Baldwin v. Reese, 541 U.S. 27, 29 (2004). It is clear that plaintiff has not yet exhausted a Franklin-related claim.

Federal habeas petitioners who wish to add a claim to their petition must file a motion to amend the petition, supported by a proposed amended petition containing all old and new claims. If the proposed new claim is unexhausted, the petitioner must also seek a stay of the federal case while the claim is being exhausted in state court. There are two types of stays, with different requirements and different consequences. A petitioner seeking a stay must file a separate motion for a stay, which must specify whether petitioner seeks a stay under Rhines v. Weber, 544 U.S. 269 (2005), or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).

A Rhines stay is available for (1) a petition containing only unexhausted claims, or (2) a petition that is "mixed" (contains both exhausted and unexhausted claims). Rhines, 544 U.S. at 275-77; Mena v. Long, 813 F.3d 907, 910 (9th Cir. 2016). A Rhines stay preserves the federal filing date for unexhausted claims contained in the federal petition. In order to obtain a stay under Rhines, the petitioner must show that (1) good cause exists for his failure to have first

exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation. Rhines, at 544 U.S. at 277-78.

Alternatively, a petitioner may seek to stay an exhausted-claims-only petition pursuant to Kelly. King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly). Under the Kelly procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070-71). The procedure under Kelly is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims. Id. The Kelly stay-and-abeyance procedure does not require petitioner to demonstrate good cause or that the claims have merit. However, using the Kelly procedure means that any newly-exhausted claims later added to the federal petition by amendment must "relate back" to the claims in the stayed petition or otherwise satisfy applicable timeliness requirements. In other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." Id. at 1141.

Petitioner is advised that he does not require and should not wait for an order from this court to exhaust his claims in state court, or to bring independent state claims in state court, and he may pursue any such claims in state court without delay.[2]

Before petitioner decides to pursue amendment and seek a stay, he should consider the fundamental principle that federal habeas relief can only be granted for violations of the U.S. Constitution. 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 68 (1991). Claims about sentencing and parole under state law are usually not considered federal constitutional claims. Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989); Swarthout v. Cooke, 562 U.S. 216,

---

[2] The court expresses no opinion as to whether petitioner's currently unexhausted claims will be timely once exhausted and brought in this court. Nor does the court express an opinion as to petitioner's potential for success on his claims in state court.

219 (2011). If petitioner files a motion to amend that is supported by a proposed amended petition, together with a motion for a stay pending exhaustion, this court must determine whether the proposed new claim is cognizable in that it alleges violation of a federal constitutional right. If not, amendment will be deemed futile and the motions will be denied.

Finally, because the "request for judicial notice" (ECF No. 28) does not present matters properly within the scope of Federal Rule of Evidence 201(d), it is denied.

IT IS SO ORDERED.

DATED: January 16, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE